■ In the Matter of the Claim of LUCILLE F. ROBERTS, Appellant, v. STAR LANDSCAPE, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. This is a claimant's appeal from a decision denying death benefits. There was a factual question as to whether the trip to Warsaw, New York, was to inspect a bridge or to participate in a bowling tournament, or both. From a review of the record, there was substantial evidence to sustain a finding that if the decedent had made such inspection on behalf of his employer, he thereafter bowled in a tournament in no way associated with his employment. The decedent, after stopping at a tavern, was returning to Bliss to attend a "euchre" banquet at the Bliss Hotel and while en route, the accident occurred. Questions of fact and credibility are within the sole province of the board. Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.

■ In the Matter of the Claim of JOSEPH OLIVERI, Respondent, v. RUDOLPH FAUST, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal from a board decision which concluded that: "As a result of exposure to irritating factors in the employment, claimant suffered aggravation of underlying asthma and bronchitis, precipitating emphysema and disability, thus establishing a link between claimant's employment and disabling condition. Therefore, it is found that occupational disease is established." The claimant's attending physician, Dr. Berman, testified: "Q. Dr. Berman, would you agree that this claimant had a pre-existing underlying emphysema condition? A. He may have had it, yes. Q. Dr. Berman, I take it that it is your opinion as set forth in some of your reports that you feel that due to some alleged exposure at work this pre-existing emphysema condition that this claimant had was aggravated, is that correct, sir? A. Yes, sir." Dr. Berman had referred the claimant to Dr. Bornstein, a specialist in chest diseases, and on direct examination testified that he was in accord with Dr. Bornstein's "findings and opinions" Dr. Bornstein testified: "A. In my certificate that I submitted I stated that the claimant had obstructive emphysema that was aggravated and not caused by his work. Q. In other words, you do not believe that his work caused this condition, is that correct, sir? A. Yes, sir. Q. And you are of the opinion that he had a pre-existing emphysema, is that correct, sir? A. Yes, sir. He had this pre-existing condition which was aggravated by his work." An impartial specialist called by the claimant testified that the claimant's basic condition was "asthma and chronic bronchitis and emphysema" and that he was unable to say that the claimant's exposure "aggravated his condition". Dr. Shapiro, a member of the Bureau of Industrial Hygiene called by the claimant, testified that he was "trying to establish aggravation of pre-existing pathology" that was not due to the claimant's occupation. The carrier's physicians testified that the claimant's emphysema was not occupationally related. Looking at the record as a whole the matter should be reversed and remitted for further consideration. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted. Herlihy, J. P., Reynolds, Taylor and Aulisi, JJ., concur.